## SUPREME JUDICIAL COURT

FOR THE COUNTY OF

# HANCOCK.

### JUNE TERM,

### 1823.

### UPTON & AL. *v.* GRAY.

*If an agent purchase goods on his own credit, without disclosing his principal, to whose use, however, the goods are in fact applied,—the principal, being afterwards discovered, is liable to the seller for the price of the goods.*

In *assumpsit* for goods sold, it was proved that the goods were delivered to one *Lakeman* of *Castine,* who was the authorized agent of the defendant, a citizen of *Boston,* and who was empowered by the defendant to make all contracts on his account relating to his estates' in this county;—that the goods were for the defendant's use, and were applied in making improvements on his said estates;—and that all the goods, except a few articles to a small amount, were charged in the plaintiff's books to *Lakeman.* There was no proof that *Lakeman* mentioned any thing to the plaintiffs, at the time of receiving any of the goods, as to the capacity in which he was acting;—but it was proved to be a matter of public notoriety that he was the general agent of the defendant;—that it had been usual for traders and others to charge goods to him, under similar circumstances, till he requested them to do otherwise;—and that he had not charged the goods to *Gray.*

Upon this evidence a verdict was taken for the plaintiff, for the whole amount of his demand, subject to be amended or set aside according to the opinion of the Court upon the foregoing facts in the case.

Upton & al. *v.* Gray.

*Orr*, for the defendant, contended that the agent having concealed himself and purchased the goods as principal, the credit was given to *him*, and he alone is responsible. No injustice is hereby done to the creditor, since he is only confined to the remedy he originally chose, and seeks his money where he gave the credit. If it were not so, a faithless agent, who had been furnished with funds, might embezzle them and run his principal in debt with impunity.

*Abbot*, for the plaintiffs, replied that it made no difference whether they knew the character of the agent at the time of sale or not. If the principal is not disclosed when the goods are delivered, yet he is liable as soon as he is known; and this remedy is in no manner affected by the concurrent liability of the agent to whom the credit was originally given. The law of this case rests on the same basis with that which governs the liability of dormant parners. 1 *Comyn on Contr.* 248. *Owen v. Gooch*, 2 *Esp.* 567.

MELLEN C. J. delivered the opinion of the Court.

The only question is whether the plaintiffs are entitled to retain their verdict for the amount of that part of the goods which were charged to *Lakeman* at the time they were delivered to him.—It does not appear that at *that time Lakeman* stated to the plaintiffs in what capacity he was acting, nor that they knew him to be the authorized agent of *Gray*, though such agency was a matter of public notoriety;—and in the present case we apprehend that these circumstances are not material. The goods when received by *Lakeman* were all applied to the defendant's use. If the plaintiffs *knew* him to be the defendant's agent, and dealt with him *as such*, it seems to be of little consequence whether the charge was made against the agent or the principal. If they *did not* know it, there seems to be no inconsistency in making their claim on the defendant, having discovered, since the delivery of the goods, that he was liable in consequence of his having constituted *Lakeman* his general agent. Suppose that the plaintiffs had ascertained, since the sale, that *Gray* at *that* time was a dormant partner of *Lakeman*; they could surely, in such case, have maintained an action

against them both as partners;—and yet the charges in the plaintiffs' books would not correspond with the allegations in their writ, and would seem to negative the idea that credit was given to any one but *Lakeman.*   Still that circumstance would not prejudice their right of action against the newly discovered copartnership;—nor does it impair their rights in this action against *Gray alone,* as it now is apparent that *Lakeman* was authorized to bind him as his principal.   *Lakeman* considered himself as contracting in that capacity, because, it is proved, he never charged the goods over to *Gray.*

The opinion and reasoning of the Court in *Williams & al. v. Mitchell,* 17 *Mass.* 98 and the principle of that decision, have a direct bearing on the present case ; and the same train of reasoning which led the Court in that case to the opinion they formed, lead us to overrule the motion for a new trial.

*Judgment on the verdict.*